IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

BARBARA J. KING,

                Plaintiff,

  v.                                                Civil Action No.
                                                      5:17-CV-0237 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
  of Social Security,

                Defendant.

---

APPEARANCES:                                OF COUNSEL:

FOR PLAINTIFF:

OLINSKY LAW GROUP              HOWARD D. OLINSKY, ESQ.
300 S. State Street                    MARISA BURKETT, ESQ.
Suite 420
Syracuse, NY 13202

FOR DEFENDANT:

HON. GRANT C. JAQUITH          ARIELLA R. ZOLTAN, ESQ.
U.S. Attorney for the              Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on January 31, 2018, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

(1)  Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

(2)   The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

(3)   The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

(4)   The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   February 1, 2018
         Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
BARBARA J. KING,

                              Plaintiff,

vs.                           5:17-CV-237

NANCY A. BERRYHILL, Commissioner of
Social Security,

                              Defendant.

-------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on January 31, 2018, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

For Plaintiff:      OLINSKY LAW GROUP
                    Attorneys at Law
                    300 S. State Street
                    Suite 420
                    Syracuse, New York  13202
                      BY:  MARISA BURKETT, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    Region II
                    26 Federal Plaza - Room 3904
                    New York, New York  10278
                      BY:  ARIELLA R. ZOLTAN, ESQ.

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

20

1           (In Chambers, Counsel present by telephone.)
2           THE COURT:  All right.  I'll have to let that be
3   the last word.  Thank you for your excellent and spirited
4   arguments.
5           I have before me a request for judicial review of
6   an adverse determination by the Acting Commissioner pursuant
7   to 42 United States Code Section 405(g).
8           The background is as follows:  Plaintiff was born
9   in September of 1954, she is currently 63 years old.  She was
10  59 at the time of the first hearing, 62 at the time of the
11  second hearing, and 55 on the alleged onset date of
12  January 10, 2010.  She stands five-foot-seven-and-a-half
13  inches in height and is 208 pounds.  She lives with her
14  husband.  She's right-handed.  Plaintiff has a high school
15  diploma and two years of college education, although she did
16  not achieve any degree, associate's or bachelor's.
17          Plaintiff was employed between May of 1974 and
18  December of 2009 as an administrative assistant with UPS in
19  various capacities.  She was laid off when the offices moved
20  out of state, although she indicated that during the latter
21  part of her employment, she was required to be given
22  accommodation for her medical condition.  She was allowed to
23  leave early, take extra breaks, and get extra help.
24          Plaintiff does not have any mental health issues.
25  She does, however, have significant physical issues.  She has

1    been diagnosed as having fibromyalgia, osteoarthritis, type
2    II diabetes with neuropathy, she has a lumbar back issue that
3    radiates into her legs, and she suffers from foot impairments
4    and deformity.  The neuropathy includes pain, tingling
5    bilaterally in her lower extremities.
6            Her primary care provider, who she has seen as far
7    back as October 1999, is Dr. Joseph Augustine.  She sees
8    Dr. Augustine approximately four times per year.  She has
9    also treated with a neurologist, Dr. Patrick Riccardi, both
10   before and after the relevant time period but not during.
11   She has seen Dr. Nabil Aziz, another neurologist.  It's
12   unclear precisely when she began seeing Dr. Aziz.  There's an
13   indication at 1310 of the administrative transcript that it
14   was November 2010.  She testified I think that she began
15   December of 2010 but there's an indication it could have been
16   as early as 2005, that's at 552 of the administrative
17   transcript.
18           Dr. Aziz has prescribed the use of a cane on
19   October 15, 2012, to keep plaintiff from falling.  She also
20   has treated with Dr. Lynda Kreitzer, a podiatrist.
21   Dr. Kreitzer on October 15, 2012 prescribed a transporter
22   which is described as a walker.  She has also provided
23   orthotics and Moore Balance Braces bilaterally.  And lastly,
24   also a neurologist, she was referred in June 2015 to
25   Dr. Hassan Shukri.

1           She has been prescribed various medications
2    including Benazepril, Losartan, ibuprofen, Motrin, Flexeril,
3    a generic brand, gabapentin, and she takes insulin shots.
4           Background is as follows:  The plaintiff applied
5    for Title II Social Security benefits in September of 2012,
6    alleging an onset date of January 1, 2010.  A hearing was
7    conducted by Administrative Law Judge Marie Greener on
8    December 30, 2013.  Judge Greener issued a decision on
9    April 7, 2014 finding that the plaintiff was not disabled at
10   the relevant times.
11          On April 21, 2015, the Social Security
12   Administration Appeals Council denied plaintiff's request for
13   review.  Plaintiff then commenced an action in this court
14   seeking judicial review.  The result of that action was the
15   entry of a -- an order of remand on stipulation of the
16   parties on December 21, 2015.  Following that, the Social
17   Security Administration Appeals Council issued an order on
18   April 25, 2016, vacating the earlier determination and
19   remanding the matter for further consideration, including,
20   excuse me, an evaluation of whether plaintiff required a
21   cane, and if so, under what circumstances, and a further
22   consideration of the medical evidence.
23          In the meantime, on April 29, 2015, plaintiff filed
24   a second Title II application.  That was consolidated with
25   this one.  A hearing was conducted on November 16, 2016, if

1    my notes -- if I can read my notes correctly.  And as result
2    of that second hearing, ALJ Greener issued a subsequent
3    decision on December 29, 2016.
4               In her decision, Judge Greener applied the familiar
5    five-step sequential test for determining disability.
6               At step one, she concluded plaintiff had not
7    engaged in substantial gainful activity since her alleged
8    onset dates in the two applications.
9               At step two, she concluded that plaintiff suffers
10   from severe impairments including diabetes mellitus with
11   neuropathy, fasciitis, and other foot impairments and
12   fibromyalgia.
13              At step three, ALJ Greener concluded that none of
14   those impairments met or medically equaled any of the listed
15   presumptively disabling conditions set forth in the
16   Commissioner's regulations.  She specifically considered 1.02
17   of the listings, which involves major dysfunctions of joints,
18   and 9.00 which relates to diabetes.
19              The ALJ then surveyed the medical evidence and
20   concluded that plaintiff retains the residual functional
21   capacity, or RFC, to lift and carry up to 10 pounds
22   occasionally and less than 10 pounds frequently, to sit a
23   total of six hours in an eight-hour workday, to stand or walk
24   a total of two hours in an eight-hour workday but no more
25   than 10 minutes of standing or walking at a time, and

1  requires the use of in-shoe ankle braces and a cane.  In
2  addition, sitting is limited to more than -- no more than one
3  hour at a time and after that she needs to stand for five
4  minutes or so, but does not have to leave the work area or
5  work station during the change of position.
6          Applying that RFC, the administrative law judge
7  concluded that plaintiff is able to perform the functions of
8  her past relevant work as an administrative assistant both as
9  actually performed and as generally performed, and therefore,
10 she was not disabled at the relevant times and not entitled
11 to the benefits sought.
12         As you know, the scope of review for this court is
13 limited.  I must determine whether correct legal principles
14 were applied and substantial evidence supports the
15 Commissioner's determination.
16         As plaintiff has argued, literally, opinions of
17 every treating source were rejected when the RFC was crafted
18 by ALJ Greener.  It appears, as plaintiff argues, that
19 Dr. Augustine has seen plaintiff over an extended period of
20 time as her treating primary source, and has referred -- 17
21 years I think is what I calculated, and has referred the
22 plaintiff to specialists and received reports from those
23 specialists.  She has also seen Dr. Kreitzer for an extended
24 period of time for her foot conditions.  It is clear that she
25 saw Dr. Riccardi beginning in the 1990s, that's at page 1313

1     of the administrative transcript.  In his June 2015 report
2     Dr. Riccardi noted that plaintiff suffered from a
3     long-standing history of fibromyalgia, that's at 1143.
4             The rejection was based on a one-time examination
5     by Dr. Ganesh and a second opinion from Dr. Ganesh although
6     that opinion occurred outside of the -- beyond the date of
7     last insured.
8             It's clear from the statement of the plaintiff that
9     Dr. Ganesh did a very superficial examination, particularly
10    the second examination, that's at 563 and 564 and 782 and
11    784.  Her opinion is also not well crafted.  For example, she
12    opines that this woman with all of her conditions at age 61
13    can lift a hundred pounds, she can stand for six hours, and
14    she can operate foot pedals.  This, despite the clear
15    indication that she suffers from significant neuropathy and
16    other issues of her feet.
17            The key issue here, the $64,000 question really is
18    fibromyalgia.  The Second Circuit, recognizing *Green-Younger*,
19    that fibromyalgia is very clearly a disease that does not
20    necessarily manifest itself well in objective symptoms, it
21    waxes and wanes.  And this is also recognized in the
22    Commissioner's Social Security Ruling 12-2p, and for that
23    reason, it's imperative to get a longitudinal view and to
24    credit or carefully consider the opinions of treating
25    sources, including neurologists.

1       The record is very clear that throughout the
2  relevant time plaintiff has suffered from neuropathy, whether
3  you attribute it to fibromyalgia or her diabetes.  The ALJ
4  found neuropathy to be severe but minimized its effect on her
5  RFC.  It's clear that the neuropathy has progressed.
6  Dr. Augustine recognized that at page 839 of the
7  administrative transcript.  So the reliance on Dr. Ganesh in
8  order to discount opinions of the treating sources that
9  clearly reflect that plaintiff cannot work, including
10 Dr. Augustine, in December of 2013 indicated plaintiff would
11 be off task more than 20 percent of the time and absent more
12 than four days per month.  That's of course repeated in his
13 later November 18, 2016 opinion, 32F, and also in
14 Dr. Riccardi's November 10, 2016 report.  Of course those,
15 those opinions are inconsistent with full-time gainful
16 employment.
17      So, and again, I think the key issue here is the
18 failure to consider the nature of fibromyalgia.  I mentioned
19 *Green-Younger*, *Bush v. Colvin* is another case that lays out
20 the difficulty in finding objective symptoms and the waxing
21 and waning of fibromyalgia.
22      The ALJ grasped at certain things.  We've discussed
23 the handicapped parking pass which, as plaintiff's counsel
24 explained, was not only for bad weather but also for her
25 safety and bad days when she suffered from pain.

1          There was a focus on exercise, the fact that she
2   plays chair volleyball -- I'm sorry, that she exercised but
3   that was encouraged by her treaters, and my mother lives in a
4   home where the patients exercise, they play chair volleyball
5   but that doesn't mean they can be gainfully employed.
6          And the other thing that the ALJ failed to account
7   for is the plaintiff's long history, good work history, 35
8   years of being employed by the same employer and I think
9   that's -- when the credibility analysis was made, that's a
10  point that the ALJ lost sight of or failed to mention.
11         So I don't find that the rejection of the treating
12  source opinions was properly explained and supported by
13  substantial evidence, I don't find the credibility analysis
14  was supported by substantial evidence.  I don't, however,
15  find conclusive evidence of disability, and so I am going to
16  grant judgment on the pleadings to the plaintiff and remand
17  the matter to the Commissioner for further consideration, but
18  without a directed finding of disability.
19         Again, thank you both for excellent, spirited
20  arguments.  You both are well versed in the record and the
21  court appreciates that.  Have a nice day.
22              MS. BURKETT:  Thank you, your Honor.
23              MS. ZOLTAN:  Thank you.
24                  (Proceedings Adjourned, 2:45 p.m.)
25

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
 5   Official Realtime Court Reporter, in and for the
 6   United States District Court for the Northern
 7   District of New York, DO HEREBY CERTIFY that
 8   pursuant to Section 753, Title 28, United States
 9   Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                    Dated this 31st day of January, 2018.
17
18
19                    /S/ JODI L. HIBBARD
                      _____
20                    JODI L. HIBBARD, RPR, CRR, CSR
                      Official U.S. Court Reporter
21
22
23
24
25
```